JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7124
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIANG ZHU, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ET AL., <br><br> Defendants. | No. C 07-0557 RMW <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date:   February 15, 2008 <br> Time:   9:00 a.m. |

**PLEASE TAKE NOTICE** that on February 15, 2008, at 9:00 a.m., or as soon thereafter as the parties may be heard, Federal Defendants Michael Chertoff, Emilio T. Gonzalez, Donald Neufeld and Robert Mueller (hereinafter "Defendants") will bring for hearing a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. The hearing will take place before the Honorable Ronald M. Whyte, in Courtroom 6, 280 S First Street, San Jose, CA 95113.

This Motion is based on the Memorandum of Points and Authorities, attached hereto, all pleadings, papers and files in this action, and such oral argument as may be presented at the hearing on the motion.

///

///

| | |
|---|---|
| 1 | Dated: January 7, 2007 |

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division

ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants

Defendants' Motion to Dismiss
C 07-0557 RMW                                2

MEMORANDUM OF POINTS AND AUTHORITIES

I

INTRODUCTION

In the prayer of his Complaint, Xiang Zhu asks this Court to assume jurisdiction over this matter and order Defendants to expeditiously complete the security check on his application for naturalization, require U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his naturalization application, and award costs. Complaint, ¶ 22. USCIS, however, is mandated by statute to await the results of the Federal Bureau of Investigation ("FBI") investigation before adjudicating Zhu's naturalization application. Plaintiff has not been interviewed and this action has not been brought under 8 U.S.C. § 1447(b). The Court should dismiss the Complaint for failure to state a claim upon which relief can be granted.

II

FACTUAL BACKGROUND

Plaintiff Zhu is a native and citizen of China and a lawful permanent resident of the United States. Complaint, ¶ 11. On May 4, 2006, he filed an application for naturalization to U.S. citizenship. Complaint, ¶ 12. In June 2006, USCIS took certain biometric information. Complaint, ¶ 14. USCIS requested the FBI to conduct a name check investigation, and is awaiting the results of that investigation. On November 1, 2007, Plaintiff commenced this mandamus action.

III

ARGUMENT

**A. Legal Standards**

Under the APA, a court may compel an administrative agency to perform an action that has been "unlawfully withheld" by that agency. 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, a court may compel performance of "a duty owed to the plaintiff." 28 U.S.C. § 1361. A court cannot compel an agency to take an action it is not lawfully required to take. *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

Defendants' Motion to Dismiss
C 07-0557 RMW                                     3

sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), a motion to dismiss should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery. *See Bell Atlantic Corp. v. Twombly*, ___U.S.___, ___, 127 S.Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994).

**B. Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted**

By way of background, with the enactment of Section 4011 of the Immigration Act of 1990 ("IMMACT 1990"), the federal courts were stripped of their exclusive jurisdiction to entertain applications for naturalization. Pub. Law No. 101-649, 1204 Stat. 4978 (November 29, 1990). Jurisdiction to naturalize was vested exclusively in the U.S. Attorney General. Under 8 U.S.C. § 1421, the U.S. Attorney General had the "sole authority to naturalize persons as citizens of the United States." With the enactment of the "Homeland Security Act of 2002," Pub. Law No. 107-296, §1152(d), 116 Stat. 2135, 2310, such naturalization authority was transferred to the Secretary of Homeland Security ("DHS"). USCIS is the sub-agency of DHS which adjudicates naturalization applications. The FBI is a sub-agency of the U.S. Department of Justice.

Under 8 U.S.C. § 1446(a), the FBI and USCIS are authorized to investigate naturalization applicants, and USCIS is authorized to adjudicate naturalization applications. In 1997, Congress mandated that the FBI conduct investigations with respect to every naturalization application and that USCIS await the completion of such investigations before rendering a decision on such applications. See Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448. That provision provides, in pertinent part, as follows:

> During fiscal year 1998 and each fiscal year thereafter, *none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed*, except for those exempted by regulation as of January 1, 1997.

*Id.* (emphasis added).

Accordingly, in 1998, the Immigration and Naturalization Service ("INS") amended 8 C.F.R. § 335.2 to require that the USCIS await the completion of the FBI investigations before conducting

Defendants' Motion to Dismiss
C 07-0557 RMW                                        4

1  the initial interview of an applicant:

2  § 335.2 Examination of applicant.

3  (a) General. Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to §332.1 of this chapter. . . .
   (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:
      (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
      (2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or
      (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD–258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

*Id.*, as amended by 63 F.R. 12987, 12988 (Mar. 17, 1998).

Plaintiff seeks mandamus relief in the form of an order compelling USCIS to schedule him for an interview and to fully adjudicate his application for naturalization. However, USCIS has refrained from adjudicating his application, including scheduling an examination interview, because USCIS is prohibited from doing so by statute.

Clearly, USCIS is not mandated to adjudicate the naturalization application. On the contrary, USCIS is mandated *not* to adjudicate Plaintiff's naturalization application until it has received the results of the FBI's investigation. *See* Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448; 8 C.F.R. § 335.2. Likewise, delay in adjudicating the naturalization application may not be attributed to USCIS, and it is not "unreasonable" for USCIS to "delay" in adjudicating the naturalization application since it is statutorily mandated not to adjudicate the application. The "only agency action that can be compelled under the APA is action legally required." *Norton*, 542 U.S. at 63. Therefore, the Complaint should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

Moreover, courts in this District have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act and the benefits that fall therefrom, not the FBI. *See* 6 U.S.C. §§ 271(b)(5), 557;

Defendants' Motion to Dismiss
C 07-0557 RMW                                    5

*Clayton v. Chertoff, et al.*, No. C 07-02781-CW, 2007 WL 2904049, at 13 (N.D. Cal. Oct 1, 2007); *Konchitsky v. Chertoff*, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007). Therefore, this Court has no jurisdiction to compel the FBI to complete the background check more expeditiously.

Plaintiff may assert that naturalization cases stand on a different jurisdictional footing than adjustment of status cases, because USCIS operates under a deadline to adjudicate an application for naturalization once it has conducted the examination of the applicant, 8 U.S.C. § 1447(b), and because USCIS should not adjudicate a naturalization application until it has received the results of an FBI background investigation. Pub. Law 105-119, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. § 335.2(b). However, the limited jurisdiction Congress has granted over even USCIS in naturalization cases does not attach until after USCIS schedules an applicant's interview--a step that legally should not occur until after the name check is done, and the FBI's involvement is ended. 8 C.F.R. § 335.2(b); *see also Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 809 (E.D. Va. 2007) ("There is no indication that, in enacting § 1447(b), Congress intended to expedite the background investigation part of the application process."). Plaintiff has not been scheduled for an interview, and 8 U.S.C. 1447(b) does not apply.

As stated above, because the FBI does not have a clear, non-discretionary duty to complete name checks for naturalization cases within any time frame, the Court does not have subject-matter jurisdiction over claims seeking to compel the FBI to complete the name check more quickly under either the Mandamus Statute or the APA. *Pittston Coal Group*, 488 U.S. at 121; *Norton*, 542 U.S. at 64. *See also Al Gadi Gadi v. Chertoff*, No. Civ. F-07-090-LJO-SMS, 2007 WL 1140825, at *5 (E.D. Cal. April 17, 2007).

IV.

CONCLUSION

USCIS cannot lawfully adjudicate Plaintiff's application for naturalization until the FBI has completed their investigation of Plaintiff. See The FBI does not administer benefits under the INA. Accordingly, this case should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

1 | DATED: January 7, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants

# CERTIFICATE OF SERVICE

## Zhu v. Chertoff
## C 07-0557 RMW

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**Defendants' Notice of Motion and Motion to Dismiss; and Memorandum of Points and Authorities**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X_   FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   PERSONAL SERVICE (BY MESSENGER)

____   FEDERAL EXPRESS via Priority Overnight

_X_   EMAIL

____   FACSIMILE (FAX)

to the party(ies) addressed as follows:

Xiang Zhu, Pro Se
3610 Flora Vista Ave., Apt. 339
Santa Clara, CA 95051
PH: 650.207.3192
Email: xzhu@yahoo.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this January 7, 2008 at San Francisco, California.

____/s/_____
LILY HO-VUONG
Legal Assistant