Geri N. Kahn (CSB #148536)
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 397-5446
Fax (925) 889-4379
Email:  gkahn@pacbell.net

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XIANG ZHU,** | ) **Case No.:   07 05570 RMW** |
|     **Plaintiff,** | ) **PLAINTIFF'S OPPOSITION TO** |
| | ) **DEFENDANTS' MOTION TO DISMISS** |
|     **vs.** | ) |
| **Michael Chertoff, Secretary, Department of** | ) **Hearing Date: February 15, 2008** |
| | ) **Time:          9:00 a.m.** |
| **Homeland Security, ET AL.,** | ) |
|     **Defendants.** | ) |
| | ) |

Plaintiff Xiang Zhu, through undersigned counsel, files this opposition to Defendants' Motion for an Order dismissing the action pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.  In its Motion to Dismiss, Defendants assert that the Court lacks jurisdiction over the Federal Bureau of Investigation ("FBI") in the instant action.  Plaintiff maintains that the Court retains jurisdiction over the action because mandamus does lie and Defendant, Department of Homeland Security, has a non-discretionary duty to adjudicate the N-400, inclusive of the FBI's non-discretionary duty to conduct the background check within a reasonable time.  Defendants also assert that Plaintiff has failed to state a claim upon which relief may be granted. As Plaintiff will show, this Court has mandamus jurisdiction and therefore he has stated a valid claim.  Plaintiff is requesting that Defendants take action as delegated to them under relevant statutes, regulation and case law.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On May 4, 2006, Xiang Zhu filed an application for naturalization.  (Plaintiff's Original Complaint for Writ in the Nature of Mandamus & Declaratory Judgment, Exhibit 2, hereinafter "Complaint.")  He has not been interviewed on his application. (Defendants' Motion to Dismiss, p. 3.)  At this time, the FBI background check appears to be the only reason for the delay in adjudication of Plaintiff's naturalization application.  (Exhibit 6 to the Complaint.)  According to the CIS processing report for December 2007 (most recent available), the San Francisco Field Office is currently processing naturalization applications in 9 months.  (See Exhibit 1 to this Opposition.) Plaintiff's N-400 application has now remained pending more than 20 months from the date of filing.

## ARGUMENT

### A.  Plaintiff has presented a valid claim for relief under the Mandamus Act.

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Anjum v. Hansen*, 2007 WL 983215 (S.D. Ohio) at *7, quoting *Conley v. Gibson*, 353 U.S. 41, 45-46 (1957).  "All well-pleaded allegations must be taken as true and be construed most favorably toward the nonmoving party."  *Anjum* at *7, quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  "Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint, there is an insurmountable bar to relief."  *Anjum* at *8.  In the instant case, Plaintiff seeks relief under the Mandamus Act and Administrative Procedures Act.  As will be shown below, Plaintiff satisfies the requirements under both Acts and thus has presented a valid claim.

Under 28 U.S.C. §1361, district courts have original jurisdiction to compel an officer of the United States to perform his or her duty.  Mandamus relief is appropriate where 1) the plaintiff has a clear right to the relief requested; 2) the defendant has a clear duty to act; and 3) no other adequate remedy is available.  *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003); *Lawry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003).  In other words, a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty."  *Heckler v. Ringer,* 466 U.S. 602, 616 (1984).  While the duty is often mandatory or ministerial, the duty may be in the exercise of discretion.  Although an officer may have discretion to adjudicate an application, he or she has a non-discretionary duty to process the application.  Failure to perform such duties can be contrary to law for mandamus to lie.  *Davis v. Shultz*, 453 F.2d 497, 502 (3rd Cir. 1971), *Napaorano Metal and Iron Company v. Secretary of Labor*, 529 F.2d 537, 541 (3rd Cir. 1976). Jurisdiction exists to challenge a United States official's authority to "take or fail to take an action as opposed to a decision taken within…discretion."  *Patel v. Reno*, 134 F.3d 929, 931-932 (9th Cir. 1997).  Plaintiff is not challenging a decision within the discretion of the officer, but challenging Defendants failure to process his naturalization application, including completion of the FBI's background check. It is a distinction between the duty to take some discretionary action as opposed to the actual discretionary decision itself.

   1) **Because the INA and regulations impose a duty to issue a decision, these provisions also impose a duty to adjudicate the application.**

The INA mandates The Attorney General to designate employees of the Service to conduct examinations upon applications for naturalization.  8 U.S.C. §1446(b). Furthermore, the employee designated to conduct any such examination shall make a determination as to whether the application should be granted or denied, with reasons therefore. 8 U.S.C. §1446(d).  This

duty implicitly requires the adjudication of all applications to determine those that are to be approved or denied.

Moreover, the duty to make a decision on all applications is explicit in the regulations. *See e.g.,* 8 C.F.R. §103.2(b)(19); 8 C.F.R. §316.14. Additionally, the instructions to the naturalization application inform an applicant that he or she will be notified in writing of a decision on the application. The instructions are incorporated into the regulations, with the same effect. *See e.g.,* 8 C.F.R. §103.2(a) (1).

The non-discretionary, ministerial duty of notifying an applicant of a decision cannot be carried out unless the application is decided. Thus, the duty to make a decision and notify the applicant carries with it a duty to adjudicate the application.

Defendants argue that they cannot schedule an interview before the FBI completes the background checks. (Defendants' Motion to Dismiss, p. 5) Based on the statutory language of 8 U.S.C. 1446(b), at least one court has suggested that if anything, the FBI's statutory involvement in N-400 proceedings would be part of "CIS's nondiscretionary duty to adjudicate N-400 claims within a reasonable time." *Anjum v. Hansen*, 2007 WL 983215 (S.D. Ohio) *6-7.

2) **The remaining regulatory structure demonstrates that USCIS has a duty to adjudicate the application.**

Other regulations presume that a decision must be made on all applications. For example, several regulations dictate how certain applications must be decided. *See* 8 C.F.R. §§103.2(b)(12); 103.2(b)(14); 103.2(b)(8)i. Other regulations dictate the sequence of the adjudicatory process. *See e.g.* 8 C.F.R. §103.2(b)(6); 103.2(b)(8)(ii)-(iv); 103.3(a)(1); 103.2(b)(16);245.2(a)(5); §316.14. Finally, one regulation specifically imposes a duty on USCIS to make a decision upon the request of the applicant, even in the absence of all requested evidence. 8 C.F.R. §103.2(b)(14). It would make no sense for the government to have imposed

on itself a duty to make a decision where not all evidence is submitted, but no duty where all requested evidence is submitted.

### B.  **USCIS must adjudicate an application within a reasonable time.**

Although there is no specified deadline to adjudicate a background check, and USCIS has a regulatory duty to perform one, a background check request should be completed within a reasonable time.  The duty to act on an application includes a duty to act on it within a reasonable time:

> [although neither statue specifies a time by which adjudication should be made, we believe that by necessary implication, the adjudication must occur within a reasonable time.  A contrary position would permit the INS to delay indefinitely.  Congress could not have intended to authorize potentially interminable delays.  What constitutes unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case.  *Yu v. Brown*, 36 F.Supp.2d 931, 932;  *see also Gelfer v. Chertoff,,* C06-6724 WHA, 2007 U.S. Dist. LEXIS 26466 at *4-*5 (N.D. Cal. Mar. 22, 2007); *Razaq v. Poulos*, C06 2461 WDB 2007 U.S. Dist LEXIS 770 (N.D. Cal. Jan. 8, 2007).

Courts have recognized mandamus as a possible remedy to enforce an applicant's right to have his application processed within a reasonable time.  *Paunescu v. INS,*  76 F.Supp. 2d 896, 901 (N.D. Ill. 1999); *Fu v. Reno*, 2000 U.S.Dist. LEXIS at *13-14., (N.D. Tex 1999); *Singh v. Still*, 470 F.Supp. 2d 1064, 1068 (N.D. Cal 2007).

In the case at bar, Defendants have failed to act to process Mr. Zhu's application for naturalization.  Plaintiff understands that his application is stalled due to a background check. Defendants have given no indication of when the check will be completed or what has caused the delay.  Nothing in the record sheds any light on why Plaintiff's application might be so complex as to explain such delay.

**C.    The APA imposes an independent duty on USCIS to adjudicate a naturalization application.**

Section 555(b) of the APA, 5 U.S.C. §555(b), requires that "[with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  A number of courts of appeals have held that §555(b) creates a non-discretionary duty to conclude agency matters.  *See, e.g., Friends of the Bow v. Thompson*, 124 F.3d 1210, 1220-21 (10th Cir. 1997); *Litton Mictrowave Cooking Prods. V. NLRB,* 949 F.2d 249, 253 (8th Cir. 1991); *Estate of French v. FERC*, 603 F.2d 1158 (5th Cir. 1979); and *Silverman v. NLRB*, 543 F.2d 428, 430 (2d Cir.1976).

Moreover, §555(b) requires that agency matters be resolved within a reasonable time frame.  A violation of this duty is a sufficient basis for mandamus relief.  *See, e.g., Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C. Cir. 1987).

Courts have reached this same result in APA cases brought in the immigration context. *See, e.g. Toor v. Still*, 2007 U.S. Dist. LEXIS 53173, *4-5 (N.D. Cal. July 10, 2007); *Yue Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N. M.. 1999); *Xu v. Chertoff*, 2007 U.S. Dist. LEXIS 50027, *7 (D.N.J. July 11, 2007); and *Haidari v. Frazier,*  2006 U.S. Dist. LEXIS 89177, *9-10 (D. Minn. 2006).

Plaintiff has been in the United States since 1991.  He entered first on a student visa and then obtained his green card based upon a professional job offer.    He has lived a law abiding life in the United States for the past 17 years.  Plaintiff filed his application for Naturalization over 20 months ago and Defendants have a duty to complete adjudication of his application in a reasonable time.  Plaintiff has compiled with all the requirements for this application.  Consequently, the responsibility for delay rests solely with the Defendants.  Without the Court's order, Plaintiff's application is likely to continue pending without a decision indefinitely.  Therefore Plaintiff has no other adequate remedy available to him.

In the unpublished decision of *Anjum v. Hansen*, the Southern District Court of Ohio had occasion to consider a case factually similar to Plaintiff's. In *Anjum*, the Plaintiff had filed a Petition To Remove the Conditions on Residence (I-751) and an Application for Naturalization (N-400) and had not yet been interviewed on either application. Like the present case in front of this Court, the delay was due to the background checks not being completed. The plaintiff filed a Mandamus action and the government moved to Dismiss pursuant to Federal Rule 12(b)(6). The Court discussed the elements of a Mandamus action and sided with the majority of courts who have found that "CIS has a plain nondiscretionary duty to adjudicate immigrant claims within a reasonable time." *Anjum* at *7. The Court also agreed with other district courts across the United States that "immigrants like Plaintiff have no adequate alternative remedy" other than to pursue a Mandamus Action. *Id.* The Court therefore concluded that it had Mandamus jurisdiction. Having Mandamus jurisdiction, the Court found that Plaintiff stated a valid claim for relief by satisfying the requirements of the Mandamus Act. *Id.* At *8.

The same should be found in this instant case. Plaintiff has established that CIS has a nondiscretionary duty to adjudicate his N-400 application within a reasonable time. He has no alternative remedy other than a Mandamus Action. As the allegations must be taken as true, Plaintiff has stated a valid claim for relief by satisfying the requirements of the Mandamus Act.

**D. <u>Defendant FBI has a duty to perform the background check without unreasonable delay.</u>**

The Defendants argue that this Court lacks jurisdiction to compel the FBI to due the background check more expeditiously because the Department of Homeland Security is responsible for implementing the Immigration and Nationality Act and the benefits that flow from it, not the FBI. (Defendants' Motion to Dismiss, pgs.5-6). The FBI name check is a security check utilized by USCIS to investigate the background of applicants. *Toor v. Still*, 2007 WL 2028407, at *1 (N.D. Cal. 2007). The FBI operates under a direct and specific statutory mandate whereby it is required to act on, and provide information in response to requests from

other federal agencies, including the USCIS.  Section 28 U.S.C. §534(a)(4) provides that, under

the direction of the Attorney General, the FBI shall "exchange such records and information

with, and for the official use of, authorized officials of the Federal Government…."

Furthermore, "the Director of the Federal Bureau of the Investigation shall provide the

Department of State and the Services [USCIS} access to the criminal history record information

contained in the National Crime Information Center's Interstate Identification Index (NCIC-III),

Wanted Person File, and to any other files maintained by the National Crime Information

Center."  8 U.S.C. §1105(b)(1).  *See Singh,* 470 F.Supp.2d at 1068.  Moreover, the FBI must

make a diligent presentation of updated information to USCIS.  Section 8 U.S.C. §1105(3)

provides that "The Federal Bureau of Investigation shall provide period updates of the extracts at

intervals mutually agreed upon with the agency receiving the access."

     Such a duty also follows from the 1997 funding legislation and the implementing

regulations which injected the FBI into the naturalization process by requiring that the FBI conduct a

full criminal background check of a naturalization applicant before the USCIS can complete its

adjudication of the application. Pub.L. 105-119, 111 Stat. 2440, 2448 - 49, Tit. I, Nov. 26, 1997.[1]

This requirement is codified in 8 C.F.R. § 335.2(b). Other regulations require applicants to

submit their fees to USCIS, which in turn provides a portion of the fees to the FBI to complete

the fingerprint and name checks. 8 C.F.R § 334.2; 72 Fed.Reg. 4888, 4889 (proposed Feb. 1,

2007) (proposing increased fees for applicants based, in part, to "costs due to the FBI for

background checks").  "[W]here Congress has conditioned CIS's mandatory action on the FBI's

completion of background checks, and where applicants must pay the FBI, through CIS, to

---

[1] "[N]one of the funds appropriated or otherwise made available to the [INS] shall be used to complete
adjudication of an application for naturalization unless the [INS] has received confirmation from the
Federal Bureau of Investigation that a full criminal background check has been completed."

complete the background checks, the Court holds that Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks." *Kaplan v. Chertoff*, 481 F.Supp.2d 370, 401 (E.D. Pa.); see also *Al Daraji v. Monica*, 2007 WL 2994608 at *3 - *5 (E.D. Pa.).

As an officer of the United States, the FBI has a mandatory duty and obligation to also act within a reasonable period of time.  5 U.S.C. §555(b).  Allowing the Defendant FBI an unlimited amount of time to process a name check request would be contrary to the "reasonable time" frame mandated under 5 U.S.C. §555(b) and 5 U.S.C. §706(1) and thus could ultimately negate the Defendant FBI's duty under 8 U.S.C. §105.  *Dong v. Chertoff*, 2007 WL 2601107, at *11 (N.D. Cal. Sept. 6, 2007) (under the APA, a court "shall" compel agency action unlawfully withheld or unreasonably delayed); *Gelfer v. Chertoff*, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007) (allowing the respondents a limitless amount of time to adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated under 5 U.S.C. §555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R.§335.1.

The Defendants have a statutorily prescribed duty to adjudicate naturalization applications and conduct a background check request "within a reasonable time."  Because of the length of delay by Defendants, Plaintiff is seeking an order from this Court to compel the USCIS to adjudicate the application and the FBI to complete the necessary background check.

## CONCLUSION

The relevant statutes and case law, including recent cases in this district, indicate that the Court has jurisdiction to hear such cases and to compel Defendants to perform their non-discretionary duty to adjudicate the N-400, including completion of the background check.  The APA provides a general timing provision with respect to reasonable time for agency action.  Whether Defendants delay is unreasonable is to be determined on a case-by-case basis and through consideration of multiple factors.

For the foregoing reasons, Plaintiff respectfully requests this Court to deny Defendants' Motion to Dismiss as mandamus lies to compel Defendants to take action, including the completion of the background check.

Dated: January 18, 2008                          Respectfully submitted,

                                                    /s/ Geri Kahn

                                                 Geri N. Kahn