JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIANG ZHU,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ET AL.,<br><br>  Defendants. | No. C 07-0557 RMW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:   February 15, 2008<br>Time:   9:00 a.m. |

Plaintiff here is not seeking adjudication of an adjustment of status application, but rather a naturalization application, rendering reliance on cases such as *Gelfer v. Chertoff*, C 06-6724 WHA (N.D. Cal. Mar. 22, 2007) misplaced. *See* Plaintiff's Opposition at 5.

In order to naturalize to become a United States citizen, Plaintiff must be examined. *See* 8 U.S.C. § 1446. The examination of Plaintiff cannot occur until USCIS receives "a definitive response from the Federal Bureau of Investigation [("FBI")] that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b); *see also* Pub.L. No. 105-119, 111 Stat. 2440, 2448-49 (1997) (adjudication of naturalization application cannot occur until USCIS "has received confirmation from the [FBI] that a full criminal background check has been completed....").

Moreover, 8 U.S.C. 1447(b), which imposes a time line on USCIS to adjudicate a

1  naturalization application is not triggered until the examination of the applicant.[1]  *Walji v.*
2  *Gonzales*, 500 F.3d 432 (5th Sep. 14, 2007).
3     Further, even if by the statutory language in 8 U.S.C. § 1447(b), district courts can remand the
4  matter and instruct one agency, USCIS, under this statutory authority, "[t]here is no express
5  authority to compel the FBI to conduct its background checks within a specified timeframe."
6  *Wang v. Gonzales*, 2008 WL 45492 (D. Kan. Jan. 2, 2008).
7     In sum, judicial review cannot be granted under the mandamus statute because Plaintiff has
8  failed to meet the first requirement of showing he has a clear right to the relief sought. While it is
9  true that naturalization applicants have a clear right to have their applications adjudicated, *see* 8
10 U.S.C. § 1446, they do not have a right to have their application adjudicated within a specific time,
11 *see* 8 U.S.C. § 1447(b) (statute only gives time limit for the period following the completion of the
12 examination).  Plaintiff does not have a right to compel USCIS to process his application faster
13 because it cannot further proceed on the application, including examining plaintiff, until the name
14 check is complete, which of course USCIS does not control.
15    To the extent that Plaintiff argues that the FBI and USCIS have a non-discretionary duty to
16 adjudicate the application within a reasonable period of time, this District has determined in the
17 adjustment of status context that under two years to process an adjustment of status application
18 that was pending because of the FBI background checks was not unreasonable.  *See e.g. Clayton v.*
19 *Chertoff, et al.*, No. C 07-02781-CW, 2007 WL 2904049, at 13 (N.D. Cal. Oct 1, 2007).  Plaintiff
20 applied in May 2006, less than two years ago.  Thus the delay is reasonable as a matter of law.
21    Accordingly, Defendants' Motion to Dismiss should be granted.

---

[1] Title 8, section 1447(b), United States Code provides that:

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Defendants' Reply in Support of Motion to Dismiss
C 07-0557 RMW                    2

| | | |
|---|---|---|
| 1 | DATED: February 1, 2008 | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| 2 | | |
| 3 | | _____/s/_____ |
| 4 | | ILA C. DEISS<br>Assistant United States Attorney<br>Attorneys for Defendants |

Defendants' Reply in Support of Motion to Dismiss
C 07-0557 RMW                                       3