**E-FILED on** 4/16/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIANG ZHU,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>        Defendants. | No. C-07-05570 RMW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br>**[Re Docket No. 9]** |

On November 1, 2007, plaintiff Xiang Zhu petitioned the court for a writ of mandamus to compel action on his naturalization application. Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Zhu is a citizen of People's Republic of China. Compl. ¶ 11. He has lived in the United States since 1991. Zhu applied for citizenship on May 4, 2006 by filing an N-400 Application for Naturalization. *Id*. ¶ 12. He was fingerprinted on July 6, 2006. *Id*. ¶ 14. United States Citizenship and Immigration Services ("USCIS") requested the FBI to conduct a name check investigation. Zhu has not yet been scheduled for a naturalization interview pending the results of the FBI investigation.

1   On November 1, 2007, Zhu filed this action requesting the court (1) to compel the FBI to
2 complete his name check and to require USCIS to adjudicate his naturalization application within 20
3 days of the writ being issued, and (2) to award attorney's fees under the Equal Access to Justice Act,
4 28 U.S.C. § 2412.

## II.  ANALYSIS

6   Defendants move to dismiss on the basis that Zhu's complaint fails to state a claim, arguing
7 that because Zhu's background check has not been completed by the FBI, his complaint fails to state
8 a claim that USCIS has failed to take a legally required action, as the USCIS must await the FBI's
9 determination before it can commence the adjudication of Zhu's application.  Defendants further
10 contend that the relief requested by Zhu is not available as to the FBI.

11   Zhu seeks relief under both the Mandamus Act and the APA.  The Mandamus Act provides:
12 "A court has jurisdiction in the nature of mandamus to compel an officer or employee of the United
13 States or any agency thereof to perform a duty owed to the plaintiff."  28. U.S.C. § 1361.  A writ of
14 mandamus is appropriate when a plaintiff has "no alternative or adequate remedy" and the defendant
15 owes him a clear non-discretionary duty.  *Heckler v. Ringer*, 466 U.S. 602 (1984).  The Ninth
16 Circuit has stated that "[m]andamus . . . is available to compel a federal official to perform a duty
17 only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary,
18 ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is
19 available."  *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).

20   The APA "authorizes suits by any person suffering legal wrong because of agency action."  5
21 U.S.C. § 702.  Agency action includes the failure of an agency to act.  5. U.S.C. § 551(13).  The
22 APA provides that "a reviewing court shall . . . compel agency action unlawfully withheld or
23 unreasonably delayed."  5 U.S.C. § 706(1).  In order to bring a claim under the APA, two criteria
24 must be satisfied.  First, the "agency action complained of must be final agency action."  *Norton v.*
25 *Southern Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004).  Second, the plaintiff must assert that an
26 agency failed to take a discrete agency action that it is required to take.  *Id*.

27   Defendants' contention, which appears to apply equally to Zhu's claims under both the
28 Mandamus Act and the APA, is that Zhu cannot establish the existence of a nondiscretionary

ORDER DENYING DEFENDANTS' MOTION TO DISMISS—No. C-07-05570 RMW
MAG                                                2

ministerial duty as to the FBI. Magistrate Judge Zimmerman recently articulated a mandatory duty owed directly to a naturalization applicant by the FBI:

> I conclude that the FBI has a mandatory duty to complete its background check within a reasonable time even though that duty is not expressly stated in a statute. Such a duty must follow from the 1997 funding legislation and the implementing regulations which injected the FBI into the naturalization process by requiring that the FBI conduct a full criminal background check of a naturalization applicant before the USCIS can complete its adjudication of the application. Pub. L. 105-119, 111 Stat. 2440, 2448-49, Tit. I, Nov. 26, 1997.[1] This requirement is codified in 8 C.F.R. § 335.2(b). Other regulations require applicants to submit their fees to USCIS, which in turn provides a portion of the fees to the FBI to complete the fingerprint and name checks. 8 C.F.R § 334.2; 72 Fed. Reg. 4888, 4889 (proposed Feb. 1, 2007) (proposing increased fees for applicants based, in part, to "costs due to the FBI for background checks"). "[W]here Congress has conditioned CIS's mandatory action on the FBI's completion of background checks, and where applicants must pay the FBI, through CIS, to complete the background checks, the Court holds that Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks." *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 401 (E.D. Pa. 2007); *see also Al Daraji v. Monica*, 2007 WL 2994608 at *3-*5 (E.D. Pa. 2007).

*Moretazpour v. Chertoff*, 2007 WL 4287363, 1 (N.D. Cal. Dec. 5, 2007) (Zimmerman, M.J.) (footnote number altered from n.6 to n.1); *but see Antonishin v. Keisler*, 2007 WL 2788841, *5 (N.D. Ill. Sept. 20, 2007) (acknowledging the funding arrangement discussed in *Kaplan* and *Moretazpour* but declining to infer a duty "based on an appropriations measure directed to a different agency"); *Wang v. Gonzales*, 2008 WL 45492 at *3 (D. Kan. Jan. 2, 2008) (same).

As noted in *Moretazpour*, this duty does not arise in cases involving the adjudication of I-485 applications for permanent residency, because the FBI's involvement in conducting background checks arises by contract rather than by statute. Therefore, this court's previous decisions to dismiss the FBI are distinguishable. *See, e.g., Konchitsky v. Chertoff*, 2007 WL 2070325 at *6 (N.D. Cal. July 13, 2007) (Whyte, J.). The court agrees with Judge Zimmerman's conclusion and likewise finds that the FBI has a mandatory duty to complete its background check on naturalization applicants in a reasonable time. *See also Kaplan*, 481 F. Supp. 2d at 401 ("[I]t appears clear from a number of Congressional enactments that Congress has imposed a mandatory duty on the FBI to perform background checks [for naturalization applicants]."). Because funds to commence the adjudication of the applicant's naturalization application cannot be used until the FBI has completed its

---

[1] "[N]one of the funds appropriated or otherwise made available to the [INS] shall be used to complete adjudication of an application for naturalization unless the [INS] has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed."

ORDER DENYING DEFENDANTS' MOTION TO DISMISS—No. C-07-05570 RMW
MAG                                3

1  background check, it logically follows that the FBI has a duty to the applicant to complete its
2  background check in a reasonable time.

3  With regard to the USCIS, the court has previously held in the context of adjudication of I-
4  485 adjustment applications that there is a non-discretionary duty on the part of the USCIS to
5  adjudicate applications. *See, e.g., Konchitsky*, 2007 WL 2070325 at *3. Further, Title 8 sets forth
6  the steps for adjudicating a naturalization application in mandatory terms: After an individual has
7  filed a naturalization application, a USCIS service officer shall conduct an examination of the
8  applicant. 8 U.S.C. § 1446(b); 8 C.F.R. § 335.2(a). And if the examiner fails to make the
9  determination under § 1446 within 120 days of the examination, the applicant may seek judicial
10 relief. 8 U.S.C. § 1447(b).

11 USCIS argues that there can be no duty because, as discussed above, the USCIS cannot
12 conduct the examination of an applicant until "after the Service has received a definitive response
13 from the Federal Bureau of Investigation that a full criminal background check of an applicant has
14 been completed." 8 C.F.R. § 335.2(b). Because plaintiff's background check has not been received
15 from the FBI, USCIS asserts that it has no duty to proceed with the adjudication of Zhu's
16 application. The court declines to find that the USCIS has no nondiscretionary duty in this case
17 based solely on the fact that the FBI has not completed its background check.

18 Because the court has concluded that the FBI has a duty to applicants to conduct background
19 checks in conjunction with naturalization applications Zhu's complaint sufficiently states a claim as
20 to the FBI. As to the USCIS, the court cannot conclude on the allegations in the complaint that
21 Wang cannot state a claim with regard to their failure to adjudicate his naturalization application.

## III.  ORDER

23 For the foregoing reasons, the court denies defendant's motion to dismiss.

26 DATED:     4/16/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Geri Kahn                gkahn@pacbell.net

**Counsel for Defendants:**

Ila Casy Deiss           ila.deiss@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     4/16/08                        /s/ MAG
                                   **Chambers of Judge Whyte**